**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NOPRING PAULINO PENULIAR,
                    *Petitioner,*

              v.

ALBERTO R. GONZALES,* Attorney
General,
                    *Respondent.*

No. 03-71578

Agency No.
A44-948-659

ORDER
AMENDING
OPINION AND
DENYING
PETITION FOR
PANEL
REHEARING AND
PETITION FOR
REHEARING EN
BANC AND
AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
December 10, 2004—Pasadena, California

Filed January 12, 2005
Amended January 23, 2006

Before: James R. Browning, Harry Pregerson, and
Marsha S. Berzon, Circuit Judges.

*Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

807

Opinion by Judge Pregerson

## COUNSEL

Melanie Jo Triebel, O'Melveny & Myers LLP, Newport Beach, California, for the petitioner.

Nicole Nardone (argued) and Jennifer Paisner (briefed), Office of Immigration Litigation, U.S. Department of Justice, Civil Division, Washington, D.C., for the respondent.

## ORDER

The Opinion filed January 12, 2005, slip op. 453, and appearing at 395 F.3d 1037, is amended as follows:

1.  At slip op. 453, add asterisk footnote in caption following "ALBERTO R. GONZALES." Asterisk footnote shall read, "Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2)."

2.  Change the citation at slip op. 465 following the sentence that ends, " . . . a theft offense under the INA." to read,

"*See Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1028 (9th Cir. 2005)."

3.  Change the citation at slip op. 465 following the sentence that ends, " . . . falls outside the generic definition of theft offense." to read, "*Id.*"

4.  Add footnote 6 at slip op. 466 and adjust other footnotes accordingly following the sentence that ends, " . . . qualify as a "theft offense" within the meaning of 8 U.S.C. § 1101(a)(43)(G)." The added footnote 6 reads:

    In its petition for rehearing, the government argues that aiding and abetting liability is included in the generic definition of a "theft offense." *See* 8 U.S.C. § 1101(a)(43)(G). That assertion, however, is foreclosed by our decision in *Martinez-Perez*, 417 F.3d at 1028 (holding that a conviction for grand theft under California Penal Code § 487(c) was not a "theft offense" within the meaning of the INA because a defendant could "be convicted of a substantive violation . . . based on an aiding and abetting theory alone"), by which we are bound. *See Rotec Indus., Inc. v. Mitsubishi Corp.*, 348 F.3d 1116, 1122 n.3 (9th Cir. 2003) ("A three-judge panel generally has no power to overrule a decision of this court.").

5.  Change the citation at slip op. 466 that precedes "B. Modified Categorical Approach" to read, "*See Martinez-Perez*, 417 F.3d at 1027-28."

The panel has voted to deny the petition for panel rehearing and petition for rehearing en banc. The full court was advised of the petition for rehearing en banc. A judge requested a vote on whether to rehear the matter en banc. The matter failed to receive a majority of the votes of the nonrecused active judges in favor of en banc reconsideration. Fed. R. App. P. 35. The petition for rehearing en banc is **DENIED**. No further petitions shall be entertained.

## OPINION

PREGERSON, Circuit Judge:

Nopring Paulino Penuliar petitions for review of a decision of the Board of Immigration Appeals ("BIA"). Penuliar, a lawful permanent resident, pled guilty to two counts of unlawful driving or taking of a vehicle in violation of California Vehicle Code § 10851(a), and one count of evading an officer in violation of California Vehicle Code § 2800.2(a). Classifying both convictions as "aggravated felonies" under the Immigration and Nationality Act ("INA"), an Immigration Judge ("IJ"), affirmed by the BIA, found Penuliar ineligible for cancellation of removal and voluntary departure, and ordered that Penuliar be deported pursuant to 8 U.S.C. § 1227(a)(2) (A)(iii). Because we conclude that Penuliar's convictions do not constitute "aggravated felonies" under the INA, we grant his petition for review.

## FACTUAL AND PROCEDURAL BACKGROUND

Nopring Paulino Penuliar, a citizen of the Philippines, was admitted to the United States on June 12, 1995, as a lawful permanent resident. On June 30, 2000, Penuliar pled guilty to one count of unlawful driving or taking of a vehicle in violation of California Vehicle Code § 10851(a), and was sentenced to two years' imprisonment. On December 13, 2000, Penuliar pled guilty to another count of unlawful driving or taking of a vehicle in violation of California Vehicle Code § 10851(a), and one count of evading an officer in violation of California Vehicle Code § 2800.2(a). He was sentenced to three years' imprisonment for each charge, to be served concurrently.

While serving his sentence in state prison, the Immigration and Naturalization Service ("INS")[1] served Penuliar with a

---

[1]The INS ceased to exist on March 1, 2003, when its functions were transferred to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135. However, we refer to the agency as the INS here because the proceedings in this case were instigated before the transfer.

notice to appear.[2] In the notice to appear, the INS alleged that Penuliar was removable for being convicted of "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year," an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F). The INS also alleged that Penuliar was removable for being convicted of "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year," an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(G).

At Penuliar's removal hearing, the government introduced into evidence a felony complaint charging Penuliar with, *inter alia*, one count of unlawful driving or taking of a vehicle in violation of California Vehicle Code § 10851(a), and a corresponding abstract of judgment showing that Penuliar pled guilty to that count. The government also introduced a criminal information charging Penuliar with, *inter alia*, one count of unlawful driving or taking of a vehicle in violation of California Vehicle Code § 10851(a), and one count of evading an officer in violation of California Vehicle Code § 2800.2(a), and a corresponding abstract of judgment showing that Penuliar pled guilty to both counts. Finally, the government introduced a probation report detailing the conduct underlying the charges in the criminal information.

Based on this evidence, the IJ concluded that Penuliar's two convictions for unlawful driving or taking of a vehicle were "theft offense[s]" under 8 U.S.C. § 1101(a)(43)(G), and that Penuliar's conviction for evading an officer was a "crime

---

[2]The initial notice to appear charged that Penuliar was removable under 8 U.S.C. § 1227(a)(2)(A)(iii), because he had been convicted of "an offense relating to obstruction of justice," an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(S). The IJ ruled that Penuliar's convictions did not constitute offenses "relating to obstruction of justice," and the government did not appeal that decision to the BIA. Accordingly, that decision is not before us. The remaining charges, which are before us, were included in an amended notice to appear.

of violence" under 8 U.S.C. § 1101(a)(43)(F). Accordingly, the IJ ruled that Penuliar was removable as an "aggravated felon" under 8 U.S.C. § 1227(a)(2)(A)(iii), and therefore ineligible for cancellation of removal and voluntary departure. *See* 8 U.S.C. §§ 1229b(a)(3), 1229c(a)(1).

On March 31, 2003, the BIA summarily affirmed the decision of the IJ. *See* 8 C.F.R. § 1003.1(e)(4). Penuliar timely filed this petition for review.

## JURISDICTION AND STANDARD OF REVIEW

This court lacks jurisdiction to review a final order of removal against an alien who has committed an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(C). Nonetheless, "[b]ecause the issue in this appeal is whether [the petitioner] committed an aggravated felony, and because we have jurisdiction to determine our own jurisdiction, the jurisdictional question and the merits collapse into one." *Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir. 2000) (citation omitted).

We review *de novo* whether a particular offense is an aggravated felony. *Id.*

## DISCUSSION

To determine whether a conviction is an "aggravated felony" under the INA, we employ the two step test set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See Chang v. INS*, 307 F.3d 1185, 1189 (9th Cir. 2002). First, "we look to the statute under which the person was convicted and compare its elements to the relevant definition of an aggravated felony in 8 U.S.C. § 1101(a)(43)." *Id.* "Under this 'categorical approach,' an offense qualifies as an aggravated felony 'if and only if the full range of conduct covered by the [criminal statute] falls within the meaning of that term.' " *Id.* (quoting *United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999)).

However, when the statute of conviction reaches both conduct that would constitute an aggravated felony and conduct that would not, we follow a "modified categorical approach." *See id.*; *United States v. Corona-Sanchez*, 291 F.3d 1201, 1211 (9th Cir. 2002) (en banc). Under this approach, we conduct "a limited examination of documents in the record of conviction to determine if there is sufficient evidence to conclude that a defendant was convicted of the elements of the generically defined crime." *Chang*, 307 F.3d at 1189. "[W]e do not, however, look to the particular facts underlying the conviction." *Lara-Chacon v. Ashcroft*, 345 F.3d 1148, 1154 (9th Cir. 2003) (quoting *Ye*, 214 F.3d at 1132).

### I.   Evading an Officer

#### A.   Categorical Approach

**[1]** Under 8 U.S.C. § 1101(a)(43)(F), the term "aggravated felony" means "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." Title 18 U.S.C. § 16, in turn, defines the term "crime of violence" to mean:

> (a)   an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b)   any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

**[2]** We have construed 18 U.S.C. § 16 as requiring more than mere negligent conduct. *See United States v. Trinidad-Aquino*, 259 F.3d 1140, 1145 (9th Cir. 2001) ("[W]e hold that the presence of the volitional 'use . . . against' requirement in both prongs of 18 U.S.C. § 16 means that a defendant cannot

commit a 'crime of violence' if he negligently—rather than intentionally or recklessly—hits someone or something . . . ."). Thus, in *Trinidad-Aquino* we held that because California's driving under the influence statute, California Vehicle Code § 23153, can be violated through mere negligence, a violation of the statute was not a "crime of violence" under 18 U.S.C. § 16. *Id*. at 1146.

The Supreme Court recently affirmed this reading of 18 U.S.C. § 16, holding that a conviction under Florida's drunk driving statute was not a "crime a violence." *Leocal v. Ashcroft*, ___ U.S. ___, 125 S. Ct. 377, 383-84 (2004). The Court reasoned that "[t]he key phrase in § 16(a)—the 'use . . . of physical force against the person or property of another'— most naturally suggests a higher degree of intent than negligent or merely accidental conduct." *Id.* at 382. Similarly, the Court held that we "must give the language in § 16(b) an identical construction, requiring a higher *mens rea* than the merely accidental or negligent conduct involved in a DUI offense." *Id.* at 383. The Court concluded that "[i]nterpreting § 16 to encompass accidental or negligent conduct would blur the distinction between the 'violent' crimes Congress sought to distinguish for heightened punishment and other crimes." *Id*.

**[3]** California Vehicle Code § 2800.2(a) makes it a crime "[i]f a person flees or attempts to elude a pursuing peace officer in violation of Section 2800.1 and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property." The statute further provides that "willful or wanton disregard for the safety of persons or property includes, but is not limited to, driving while fleeing or attempting to elude a pursuing peace officer during which time either three or more violations that are assigned a traffic violation point count under Section 12810 occur, or damage to property occurs." Cal. Veh. Code § 2800.2(b).

**[4]** As defined by subsection (b), "willful or wanton disregard" exists if a driver commits three Vehicle Code violations. As one court explained,

> [a]lthough Vehicle Code section 2800.2 uses the phrase 'willful or wanton disregard for the safety of persons or property' to describe an element of reckless evading, the statute defines this element so that it may be satisfied by proof of property damage or by proof *that the defendant committed three Vehicle Code violations*.

*People v. Pinkston*, 112 Cal. App. 4th 387, 392 (Ct. App. 2003) (emphasis added). Many California Vehicle Code violations, however, do not require reckless or intentional disregard for the safety of persons or property within the meaning of 18 U.S.C. § 16.[3] In other words, "willful or wanton disregard," as defined by California Vehicle Code § 2800.2(b), is broader than the traditional *mens rea* of recklessness. *Cf. Trinidad-Aquino*, 259 F.3d at 1146 ("Thus, recklessness requires conscious disregard of a risk of harm that the defendant is aware of — a volitional requirement absent in negligence."). Because it would be possible to engage in "willful or wanton disregard for the safety of persons or property" by negligently committing three Vehicle Code violations, Section 2800.2 is broader than a "crime of violence" as defined by 18 U.S.C. § 16.

---

[3]For instance, a traffic violation point can be assessed where a driver owns and operates a car that is "(1) [n]ot registered or for which any fee has not been paid under [the vehicle] code," "(2) [n]ot equipped as required in [the vehicle] code," or "(3) [n]ot in compliance with the size, weight, or load provisions of [the vehicle] code." Cal. Veh. Code §§ 12810(f), 40001(b)(1)-(3). In addition, a traffic point may be assessed for, "[e]xcept as provided in subdivision (i) [exempting certain conduct where the driver is not the owner of the vehicle], any other traffic conviction involving the safe operation of a motor vehicle upon the highway." *Id*. § 12810(f).

The government relies on *United States v. Campos-Fuerte*, 357 F.3d 956 (9th Cir. 2004), in which we held that the offense of evading an officer under the 1992 version of California Vehicle Code § 2800.2 was a "crime of violence" under 18 U.S.C. § 16. In reaching this conclusion, we relied on California case law construing "willful or wanton misconduct" as "intentional wrongful conduct." *Id.* at 961. But the meaning of "willful or wanton disregard" in section 2800.2 has since been amended to include the commission of three California Vehicle Code violations. *See Pinkston*, 112 Cal. App. 4th at 391 ("Vehicle Code section 2800.2, subdivision (b) . . . was added to section 2800.2 in 1996."). Because *Campos-Fuerte* relied on the previous meaning of "willful or wanton" in reaching its result, it is not binding in the present case.

[5] Accordingly, we conclude that a conviction for evading an officer in violation of California Vehicle Code § 2800.2 does not categorically qualify as a "crime of violence" within the meaning of 18 U.S.C. § 16.

## B.   Modified Categorical Approach

In concluding that Penuliar's conviction for evading an officer was a "crime of violence" under 18 U.S.C. § 16, and hence an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F), the IJ relied on three pieces of evidence. The IJ relied on (1) the November 21, 2000, criminal information charging Penuliar with evading an officer in violation of California Vehicle Code § 2800.2(a), (2) an abstract of judgment showing that Penuliar pled guilty to that charge, and (3) a probation officer's report.[4] The government did not introduce either Penuliar's plea agreement or a transcript of Penuliar's plea proceeding into the record. Instead, the government

---

[4]On appeal, however, the government abandons any reliance on the probation officer's report to establish that Penuliar was convicted of a "crime of violence" under the modified approach.

argues that the information and abstract of judgment were sufficient for the IJ to determine that Penuliar's conviction for evading an officer was a "crime of violence" under 18 U.S.C. § 16. We disagree.

[6] The judicially noticeable documents in the record are insufficient to establish whether Penuliar pled guilty to reckless or negligent conduct. The information charging Penuliar with evading an officer contains nothing more than the generic statutory language from California Vehicle Code § 2800.2(a).[5] But as discussed above, the statute is broader than the generic "crime of violence" under 18 U.S.C. § 16 because it criminalizes negligent conduct. Thus, the abstract of judgment, which simply recites that Penuliar pled guilty to the charge, is plainly insufficient to establish that Penuliar pled guilty to reckless conduct constituting a "crime of violence." *See United States v. Contreras-Salas*, 387 F.3d 1095, 1098 (9th Cir. 2004) (holding that defendant was not convicted of a crime of violence where information and judgment of conviction failed to establish whether defendant was convicted of "volitional, reckless, or negligent conduct").

---

[5]Count three in the November 21, 2000, Information states:

On or about October 18, 2000, in the County of Los Angeles, the crime of EVADING AN OFFICER, WILLFUL DISREGARD, in violation of VEHICLE CODE SECTION 2800.2(a), a Felony, was committed by NOPRING PAULINO PENULIAR, who did wilfully and unlawfully, while operating a motor vehicle and with the intent to evade, flee and otherwise attempt to elude a pursuing peace officer's motor vehicle while all of the following conditions existed: the peace officer's motor vehicle exhibited at least one lighted red lamp visible from the front and the defendant(s) saw and reasonably should have seen the lamp, the peace officer's motor vehicle was sounding its siren as was reasonably necessary, the peace officer's motor vehicle was distinctively marked, the peace officer's motor vehicle was operated by a peace officer.

It is further alleged that the defendant(s) drove with a willful and wanton disregard for the safety of persons and property.

Finally, insofar as the IJ relied on the probation report to establish that Penuliar pled guilty to a "crime of violence," he was in error. *See Corona-Sanchez*, 291 F.3d at 1212 ("[W]e have held that a presentence report reciting the facts of the crime is insufficient evidence to establish that the defendant pled guilty to the elements of the generic definition of a crime when the statute of conviction is broader than the generic definition.").

**[7]** Accordingly, we conclude that the BIA erred in affirming the IJ's decision that Penuliar's conviction under California Vehicle Code § 2800.2(a) was a "crime of violence" under 8 U.S.C. § 1101(a)(43)(F).

## II.   Unlawful Driving or Taking of a Vehicle

### A.   Categorical Approach

**[8]** Under 8 U.S.C. § 1101(a)(43)(G), the term "aggravated felony" means "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." This circuit defines a "theft offense" under § 1101(a)(43)(G) to mean "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 886 (9th Cir. 2003) (quoting *Corona-Sanchez*, 291 F.3d at 1205).

In *Corona-Sanchez*, we held that a conviction under California's general theft statute, California Penal Code § 484(a), was not a categorical "theft offense" under 8 U.S.C. § 1101(a)(43)(G). 291 F.3d at 1208. In reaching this conclusion, we relied in part on the broad nature of aiding and abetting liability under California law, noting that such liability "extend[s] even to promotion and instigation." *Id.; see also People v. Beeman*, 35 Cal. 3d 547, 560 (1984) ("[T]he weight

of authority and sound law require proof that an aider and abettor act with knowledge of the criminal purpose of the perpetrator and with an intent or purpose either of committing, *or of encouraging or facilitating* commission of, the offense." (emphasis added)). We reasoned that because a defendant can be convicted of the substantive offense for aiding and abetting a theft, "it would not be apparent from reference to the statute of conviction alone to discern whether or not the criminal act was embraced within the federal sentencing definition." *Corona-Sanchez,* 291 F.3d at 1208.

We recently applied this same reasoning, holding that a grand theft conviction under California Penal Code § 487(c) did not categorically constitute a theft offense under the INA. *See Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1028 (9th Cir. 2005). Relying on our decision in *Corona-Sanchez*, we concluded that "[b]ecause a defendant can be convicted of a substantive violation of § 487(c) based on an aiding and abetting theory alone, some of the conduct proscribed by § 487(c) falls outside the generic definition of theft offense." *Id.*

[9] A conviction under California's vehicle theft statute is broader than the generic definition of a "theft offense" under 8 U.S.C. § 1101(a)(43)(G) for the same reason. Under California Vehicle Code § 10851(a), a person is guilty of unlawful driving or taking of a vehicle if he or she

> drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, *or . . . is a party or an accessory to or an accomplice* in the driving or unauthorized taking or stealing . . . .

Cal. Veh. Code § 10851(a) (emphasis added). As the statute makes plain, California Vehicle Code § 10851(a) includes

accessory or accomplice liability. *See, e.g., People v. Clark*, 251 Cal. App. 2d 868, 874 (Ct. App. 1967) ("At a minimum, defendant must have known that the vehicle had been unlawfully acquired and must have had that knowledge at a time when he could be said to have, in some way, aided or assisted in the driving."). Because the statute criminalizes activity that is neither "a taking of property or an exercise of control over property," we conclude that a conviction under California Vehicle Code § 10851(a) does not categorically qualify as a "theft offense" within the meaning of 8 U.S.C. § 1101(a)(43)(G).[6] *See Martinez-Perez*, 417 F.3d at 1027-28.

## B.    Modified Categorical Approach

In concluding that Penuliar committed a "theft offense" within the meaning of 8 U.S.C. § 1101(a)(43)(G), the IJ relied on two separate convictions under California Vehicle Code § 10851(a). The IJ relied on a felony complaint, dated June 1, 2000, charging Penuliar with unlawful driving or taking of a vehicle in violation of California Penal Code § 10851(a), and an abstract of judgment showing that Penuliar pled guilty to that charge on June 30, 2000. The IJ also relied on a criminal information, dated November 21, 2000, charging Penuliar with another count of unlawful driving or taking of a vehicle in violation of California Penal Code § 10851(a), and an abstract of judgment showing that Penuliar pled guilty to that charge on December 13, 2000.[7] As was the case with Penul-

---

[6] In its petition for rehearing, the government argues that aiding and abetting liability is included in the generic definition of a "theft offense." *See* 8 U.S.C. § 1101(a)(43)(G). That assertion, however, is foreclosed by our decision in *Martinez-Perez*, 417 F.3d at 1028 (holding that a conviction for grand theft under California Penal Code § 487(c) was not a "theft offense" within the meaning of the INA because a defendant could "be convicted of a substantive violation . . . based on an aiding and abetting theory alone"), by which we are bound. *See Rotec Indus., Inc. v. Mitsubishi Corp.*, 348 F.3d 1116, 1122 n.3 (9th Cir. 2003) ("A three-judge panel generally has no power to overrule a decision of this court.").

[7] The IJ also relied on a probation officer's report that details the facts underlying Penuliar's December 13, 2000, conviction for unlawful driving

iar's conviction for evading an officer, the government did not submit Penuliar's actual plea agreement or a transcript of the plea proceeding.

The government argues that because both counts of unlawful driving and taking of a vehicle describe Penuliar as a principal, and because Penuliar pled guilty to both counts, the charging documents and the abstract of judgment are sufficient to establish that Penuliar was convicted of a "theft offense" under 8 U.S.C. § 1101(a)(43)(G). Indeed, both charging documents recited the statutory language for unlawful driving or taking of a vehicle under California law, charging Penuliar with "unlawfully driv[ing] and tak[ing] a certain vehicle . . . then and there the personal property of [another] without the consent of and with intent, either permanently or temporarily, to deprive the said owner of title to and possession of said vehicle."[8]

However, as we recognized in *Corona-Sanchez*, under California law an accusatory pleading against an aider or abettor may be drafted in an identical form as an accusatory pleading

---

or taking of a vehicle. However, as previously discussed, the IJ's reliance was misplaced insofar as he used the probation officer's report to establish that Penuliar pled guilty to conduct described therein. *See Corona-Sanchez*, 291 F.3d at 1212.

[8]Count One in the June 1, 2000, felony complaint states:

> On or about May 31, 2000, in the County of Los Angeles, the crime of UNLAWFUL DRIVING OR TAKING OF A VEHI-CLE, in violation of VEHICLE CODE SECTION 10851(a), a Felony, was committed by NOPRING PAULINO PENULIAR, who did unlawfully drive and take a certain vehicle, to wit, 1994 FORD ESCORT, LICENSE #3GUM326, then and there the personal property of MARHVIN ATIENZA without the consent of and with intent, either permanently or temporarily, to deprive the said owner of title to and possession of said vehicle.

Count Three of the November 21, 2000, criminal information is identical in its language, except that it lists a different car, license number, and owner.

against a principal. 291 F.3d at 1207-08; *see* Cal. Penal Code §§ 971, 31; *see also People v. Greenberg*, 111 Cal. App. 3d 181, 188 (Ct. App. 1980) ("In California one may be convicted of aiding and abetting without the accusatory pleading reciting the aiding and abetting theory so long as defendant is charged in that pleading as a principal to the substantive offense and thus receives notice of the charge against him."). Thus, even if Penuliar pled guilty to the charges of unlawful driving or taking of a vehicle in the information and felony complaint, this alone is insufficient to unequivocally demonstrate that he actually pled guilty to activity of a principal, e.g., taking and exercising control over a stolen car.

[10] Again, we must conclude that the IJ erred in finding that Penuliar had been convicted of a "theft offense" under 8 U.S.C. § 1101(a)(43)(G). The charging documents, coupled with the abstracts of judgment, simply do not prove that Penuliar actually took and exercised control over a stolen car. On the basis of the record, it is equally plausible that Penuliar pled guilty to the charges based on his activity as an accomplice.

## CONCLUSION

[11] In sum, we hold that evading an officer in violation of California Vehicle Code § 2800.2(a), is not categorically a "crime of violence" under 8 U.S.C. § 1101(a)(43)(F). We also hold that unlawful driving or taking of a vehicle in violation of California Vehicle Code § 10851(a) is not categorically a "theft offense" under 8 U.S.C. § 1101(a)(43)(G). Finally, we conclude that the BIA erred in affirming the IJ's decision that Penuliar pled guilty to a "crime of violence" or a "theft offense" under the INA.

PETITION GRANTED.