PETITION FOR REVIEW DIS-MISSED

**Martin Benitez MUNOZ; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73758.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 21, 2006.

Martin Benitez Munoz, pro se.

Leslie Jazmin Benitez-Najera, pro se.

CAC-District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anh-Thu P. Mai, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Martin Benitez Munoz, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's order denying Munoz's application for cancellation of removal because of his two convictions for petty theft under Cal.Penal Code § 488 in 1993 and 1995. Because Munoz was found to be removable for entry without inspection and not due to his criminal record, we have jurisdiction under 8 U.S.C. § 1252. *See Toro–Romero v. Ashcroft,* 382 F.3d 930, 934 (9th Cir. 2004). We review for abuse of discretion the BIA's factual findings and review de novo conclusions of law. *Thomas v. Gonzales,* 409 F.3d 1177, 1182 (9th Cir.2005)

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(en banc). We deny the petition for review.

The BIA properly determined that Munoz was twice convicted of petty theft, because Munoz's 1995 petty theft conviction record indicates that he was also convicted of petty theft in 1993. *See Penuliar v. Ashcroft,* 395 F.3d 1037, 1040 (9th Cir. 2005). Munoz's contention that the conviction records for his 1993 offense were destroyed by the State of California and so could not be introduced into evidence is unavailing. Because petty theft is a crime of moral turpitude, *see Cuevas–Gaspar v. Gonzales,* 430 F.3d 1013, 1020 (9th Cir. 2005), Munoz is not eligible for cancellation of removal, *see* 8 U.S.C. § 1229b(b)(1)(c).

All remaining contentions are also unpersuasive.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DENIED**