**Manuel Agustin OLIVA-OSUNA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74338.

Agency No. A35–822–138.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2005.*

Submission Withdrawn Nov. 29, 2005.

Decided Feb. 27, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

502

Steven A. Guilin, Law Offices of Steven A. Guilin, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, Office of Immigration Litigation Civil Division, Department of Justice Washington, DC, for Respondent.

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Before CANBY, SILER,** and BERZON, Circuit Judges.

MEMORANDUM***

■ Petitioner Manuel Agustin Oliva–Osuna ("Osuna"), a Mexican native, seeks review of an October 31, 2003, decision of the Board of Immigration Appeals ("BIA") denying his request for cancellation of removal from the United States. In its decision, the BIA affirmed the determination of the Immigration Judge ("IJ") to deny relief of cancellation of removal because Osuna had been convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43)(G) for a previous violation of CALIFORNIA VEHICLE CODE § 10851(a). Because *Penuliar v. Gonzales* holds that (1) a California conviction for unlawful driving or taking of a vehicle does not categorically qualify as "theft offense"; and (2) under the modified categorical approach, charging documents and abstract of judgment were insufficient to establish that alien's conviction for unlawful driving or taking of vehicle was for a theft offense, Osuna's petition for review is granted. 435 F.3d 961, 970–71 (9th Cir.2006) (amending *Penuliar v. Ashcroft,* 395 F.3d 1037 (9th Cir.2005), and denying rehearing en banc). As in Penuliar v. Gonzales, nothing shows that Osuna "took and exercise[d] control over a stolen car," and therefore Osuna could have pleaded guilty as an accomplice. *Id.* at 970–71. Since Osuna's order of removal was based upon a conviction that was not an aggravated felony, this case is remanded to the BIA to consider the merits of Osuna's

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

cancellation of removal claim. *See Ferreira v. Ashcroft,* 382 F.3d 1045, 1051 (9th Cir.2004) (remanding to BIA to determine eligibility for cancellation of removal under 8 U.S.C. § 1229b(a) because order of removal was not based upon conviction for an aggravated felony).

■ Osuna also argues that the IJ denied him representation by not allowing his attorney "time to review documents and prepare a defense by holding the 'on the spot' telephonic hearing." He waived this issue by failing to object or demonstrate prejudice. *See Taniguchi v. Schultz,* 303 F.3d 950, 955 (9th Cir.2002). Nevertheless, on remand, he should have sufficient time to prepare his defense.

Osuna's petition is GRANTED and this cause is REMANDED to determine whether Osuna is eligible for cancellation of removal.