**Monica LAFFONT–IRIGOYEN,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

**No. 04–71116.**

**Agency No. A75–464–492.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2006.

Decided June 29, 2006.

Deirdre Runnette, Deirdre L. Runnette, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Saul E. Greenstein, U.S. Department of Justice, Washington, D.C., for Respondent.

Before THOMPSON, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Monica Laffont–Irigoyen ("Laffont") petitions for review of a decision of the Board of Immigration Appeals ("BIA" or "Board"), dismissing her appeal from the decision of the Immigration Judge ("IJ"). The Board agreed with the IJ that Laffont was ineligible for asylum for having committed an aggravated felony and found that Laffont did not qualify for either withholding of removal or for relief under the Convention Against Torture ("CAT"). The Board also rejected Laffont's ineffective assistance of counsel claim and her claim that she did not receive a fair hearing. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The Board's finding that Laffont is ineligible for asylum because she is an aggravated felon is supported by substantial evidence.[1] *See Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir.2005) (stating that the Board's legal conclusions are reviewed de novo, and its factual findings are reviewed "under the deferential substantial evidence standard," meaning that they "will be upheld unless the evidence compels a contrary result"). Laffont's state drug offense qualifies as a drug trafficking offense, rendering her ineligible for asylum. *See* 8 U.S.C. § 1158(b)(2)(A)(ii), (b)(2)(B)(i) (providing that an alien who has been convicted of a "particularly serious crime," which is defined to include an aggravated felony, is ineligible for asylum); 8 U.S.C. § 1101(a)(43)(B) (defining "aggravated felony" to include illicit trafficking in a controlled substance).

Assuming, without deciding, that Alaska Stat. § 11.71.030(a)(1) is broader than 21 U.S.C. § 841(a)(1) because the first clause in the state statute, proscribing the manufacture or delivery of a controlled substance, does not contain a knowing or intent requirement, the record establishes that the offense to which Laffont entered her nolo contendere plea was knowingly delivering a controlled substance. *See Penuliar v. Gonzales*, 435 F.3d 961, 966 (9th Cir.2006) (stating that, if an offense does not qualify categorically as an aggravated felony, the court may apply the modified categorical approach, examining documents in the record to determine whether there is sufficient evidence that the defendant was convicted of an aggravated felony); *Parrilla v. Gonzales*, 414 F.3d 1038, 1044 (9th Cir.2005) (providing that "[a]n information and a guilty plea, considered together, are generally sufficient" under the modified categorical approach to determine whether the defendant was in fact convicted of a qualifying offense).

We reject Laffont's contention that the state statute is overbroad because it includes mandrax in the schedule of controlled substances. Mandrax is simply another name for Methaqualone, which is a controlled substance under Schedule I of the federal Controlled Substances Act. *See* Alaska Stat. § 11.71.150 (Schedule IIA);

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the procedural and factual background of this case, we do not recite it here except as necessary to aid in understanding this disposition.

21 C.F.R. § 1308.11 (Schedule I); http://www.usdoj.gov/dea/pubs/scheduling.html (listing other names for substances in Schedule I). Laffont has failed to establish that she is eligible for asylum. *See* 8 C.F.R. § 1240.8 (placing the burden on the applicant to prove by a preponderance of the evidence that a ground for mandatory denial of the application for relief does not apply to her).

The BIA did not apply an incorrect standard for withholding of removal. Unlike *Reyes–Reyes v. Ashcroft*, 384 F.3d 782 (9th Cir.2004), in which the IJ improperly required the petitioner to show torture by someone in the government or acting on behalf of the government, the BIA here included the possibility of torture by persons or groups that the government is unable or unwilling to control. *See id.* at 788 (stating that the petitioner may show that either "the government ... or persons or organizations which the government is unable or unwilling to control are responsible for the persecution") (internal quotation marks omitted).

■ Nor did the Board apply an incorrect legal standard for relief under the CAT. Rather, the Board correctly required Laffont only to show the acquiescence of government officials. *See id.* at 787 (discussing the standard for relief under the CAT and stating that, "[i]f the torture is at the hands of private individuals, the petitioner's burden is to show the government's 'consent or acquiescence' " (quoting 8 C.F.R. § 208.18(a)(1))). Assuming Laffont's testimony to be credible, *see Xiaoguang Gu v. Gonzales*, 429 F.3d 1209, 1215 (9th Cir.2005) (citing the "general rule" that, "because the Immigration Judge did not render an adverse credibility finding, we must accept [the petitioner's] factual testimony as true"), there is no evidence that government officials acquiesced in the treatment she suffered and failed to intervene. Her testimony regarding her experience working for "the state government" does not establish that a government official breached his legal responsibility to intervene. Moreover, her testimony regarding the government's alleged refusal to investigate the death of Elisa is very vague, relying primarily on the fact that "the case was closed. They never found the person guilty of it." Finally, although she testified that she and her friends "were chased by a police car" many times after leaving "a homosexual bar in the city of Puebla," she further testified that she "was never detained by the police." Laffont has failed to establish that "it is more likely than not that ... she would be tortured if removed to the proposed country of removal," as required for relief under the CAT. 8 C.F.R. § 1208.16(c)(2).

For the foregoing reasons, the petition for review is

DENIED.