**Washington Vicente PENA–FLORES, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76064.

United States Court of Appeals, Ninth Circuit.

Submitted May 2, 2006.*

Decided Aug. 7, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Washington Vicente Pena–Flores, El Centro, CA, pro se.

Marc L. Turman, Esq., Michelle S. Dangler, Esq., Snell & Wilmer, LLP, Irvine, CA, Richard A. Derevan, Esq., Snell & Wilmer L.L.P., Costa Mesa, CA, for Petitioner.

CAC—District Counsel, Esq., Office of The District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Francis W. Fraser, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Before: LAY,** KLEINFELD, and SILVERMAN, Circuit Judges.

MEMORANDUM ***

Petitioner Washington Pena–Flores, a native and citizen of Ecuador, petitions for review of the order by the Board of Immigration Appeals ("BIA") affirming an immigration judge's ruling that Petitioner's conviction for grand theft under Cal.Penal Code § 487(a) makes him removable for having committed an "aggravated felony." Although we lack jurisdiction to review a final order of removal, *see* 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to determine whether Petitioner's offense qualifies as an aggravated felony. *See Martinez–Perez v. Gonzales*, 417 F.3d 1022, 1024–25 (9th Cir.2005). We review the BIA's ruling of whether a particular offense is an aggravated felony *de novo*. *See Penuliar v. Gonzales*, 435 F.3d 961, 966 (9th Cir.2006), *as amended on denial of reh'g and reh'g en banc*. Because the government failed to prove that Petitioner committed an aggravated felony, we hold that the BIA erred in concluding that Petitioner is removable, and we grant the petition.

To determine whether a conviction is an aggravated felony under § 1101(a)(43)(G), this court employs a two-part test set forth in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See United States v. Corona–Sanchez*, 291 F.3d 1201, 1203 (9th Cir.2002) (en banc). In the first step, called the "categorical approach," an offense constitutes an ag-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

gravated felony if, on the face of the statute of conviction, "the full range of conduct covered ... falls within the meaning of [an aggravated felony]." *Penuliar*, 435 F.3d at 966 (citations omitted). However, if the statute of conviction reaches both conduct that would constitute an aggravated felony and conduct that would not, then the court employs the second step, called the "modified categorical approach." *Id.* (citing *Corona–Sanchez*, 291 F.3d at 1211).

We recently held in *Martinez–Perez v. Gonzales* that because "a defendant can be convicted of the substantive violation of [Cal.Penal Code] § 487(c) based on an aiding and abetting theory alone, some of the conduct proscribed by § 487(c) falls outside the generic definition of theft offense." 417 F.3d at 1028. Therefore, the offense could not be considered an aggravated felony under the categorical approach.

The same categorical infirmity applies to each subsection of § 487. The subsections merely define different species of grand theft—*e.g.*, theft from person, theft over $400, theft of a vehicle, etc. Therefore, the modified categorical approach is to be used, in which there is "a limited examination of documents in the record of conviction to determine if there is sufficient evidence to conclude that a defendant was convicted of the elements of the generically defined crime." *Penuliar*, 435 F.3d at 966 (internal quotation marks and citation omitted). Only the following documents may be considered: "the charging document, written plea agreement, transcript of plea colloquy, and any explicit findings by the trial judge to which the defendant assented." *Martinez–Perez*, 417 F.3d at 1028 (citing *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)). This examination does not, however, "look to the particular facts underlying the conviction." *Penuliar*, 435 F.3d at

966 (internal quotation marks and citations omitted).

■ Here, the Administrative Record contains only the criminal complaint and an abstract of judgment showing that Petitioner pled guilty to a violation of Cal.Penal Code § 487(a). These documents, without a plea agreement, a transcript of the plea colloquy, or a statement of the factual basis for the guilty plea, are insufficient to determine whether Petitioner "necessarily pled guilty to all of the elements of a theft offense as generically defined." *Martinez–Perez*, 417 F.3d at 1029 (holding information and abstract of judgment insufficient to show conviction qualified as aggravated felony); *see also Penuliar*, 435 F.3d at 970 (same). Therefore, we hold that, as a matter of law, the government failed to establish that Petitioner committed an aggravated felony, and the BIA erred in concluding that Petitioner was removable on that basis.

■ The government does not dispute these points. Rather, the government requests a remand to the BIA, arguing that the issue was neither raised nor addressed adequately below. We disagree. Petitioner raised this specific claim in his Notice of Appeal to the BIA following the immigration judge's ruling, and the BIA expressly held in its decision: "We agree with the Immigration Judge's finding that the respondent's conviction for grand theft is an aggravated felony." The claim was properly exhausted below, and remand for further consideration is unnecessary.

**PETITION GRANTED.**