**CHAN WOO SONG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71319.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 2006.*

Filed Jan. 10, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kathy M. Kim, Esq., Attorney at Law, A Law Corporation, Honolulu, HI, Gabriela Kreutzer, Esq., Los Angeles, CA, for Petitioner.

Hi–District Counsel, Office of the District Counsel Department of Homeland Security, Honolulu, HI, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security San Francisco, CA, Jeffrey J. Bernstein, Esq., Michelle G. Latour, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Petitioner Chan Woo "Jack" Song, a native and citizen of South Korea, petitions for review of a Board of Immigration Appeals ("BIA") order affirming an Immigration Judge's ("IJ") decision finding him removable and ineligible for relief. The IJ found Song removable based on a state conviction for third degree assault on his wife in violation of Haw.Rev.Stat. § 707–712(1)(a), concluding that the offense categorically fell within the definition of a crime of domestic violence. The IJ also denied Song's applications for cancellation of removal and voluntary departure.

The BIA affirmed without opinion, pursuant to 8 C.F.R. § 1003.1(e)(4). Thus, "the IJ's decision becomes the BIA's decision and we evaluate the IJ's decision as we would that of the Board." *Lanza v. Ashcroft,* 389 F.3d 917, 925 (9th Cir.2004) (internal quotation marks omitted).

Since this appeal was filed, an en banc panel of our court issued its decision in *Fernandez–Ruiz v. Gonzales,* 466 F.3d 1121 (9th Cir.2006) (en banc). We held in *Fernandez–Ruiz* that crimes involving the reckless use of force are not categorically crimes of violence within the meaning of 18 U.S.C. § 16(a) or, by extension, crimes of domestic violence under 8 U.S.C. § 1227(a)(2)(E)(i). 466 F.3d at 1132.

A mens rea of recklessness is sufficient to support a conviction under Haw.Rev. Stat. § 707–712(1)(a), which reads, in relevant part: "A person commits the offense of assault in the third degree if the person ... [i]ntentionally, knowingly, or *recklessly* causes bodily injury to another person ...." (emphasis added). Because the "full range of conduct" covered by the statute of conviction includes merely reckless conduct, *United States v. Baron–Medina,* 187 F.3d 1144, 1146 (9th Cir.1999), *Fernandez–Ruiz* compels the conclusion that Haw. Rev.Stat. § 707–712(1)(a) is not categorically a crime of violence. 466 F.3d at 1132.

"When a petitioner's state statute of conviction does not define a categorical crime of violence, we apply a modified categorical approach." *Id.* (citing *Penuliar v. Gonzales,* 435 F.3d 961, 966 (9th Cir.2006)) (internal quotation marks omitted). The IJ failed to analyze the record as permitted by the modified categorical approach, even though the government introduced copies of the criminal complaint, the judgment of conviction, and a transcript of Song's plea proceeding. Had the IJ conducted the modified categorical review of these documents, however, she would not have been able to discern Song's mens rea, as none of the documents specifies Song's state of mind. Under these circumstances, we are not required to re-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mand to the BIA for further proceedings. *Id.* at 1133–34.

In sum, Song's conviction under Haw. Rev.Stat. § 707–712(1)(a) is not a crime of violence within the definition of 18 U.S.C. § 16(a). Consequently, "the subject conviction cannot justify his removal." *Fernandez–Ruiz,* 466 F.3d at 1135 (citing 8 U.S.C. § 1227(a)(2)(E)(i)).

Because we hold that the IJ erred in ordering Song's removal, we need not reach Song's due process claims.

Petition **GRANTED.**