Manuel Agustin OLIVA–OSUNA, Petitioner,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

No. 03–74338.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2005 **.

Submission Withdrawn Nov. 29, 2005.

Resubmitted April 27, 2006.

Filed May 30, 2008.

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Steven A. Guilin, Law Offices of Steven A. Guilin, San Diego, CA, for Petitioner.

*** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

John J. Andre, Arthur L. Rabin U.S. Department of Justice Civil Division/Office of Immigration Litigation Washington, DC, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, BERZON, and SILER,*** Circuit Judges.

## ORDER

The memorandum disposition filed in this case on February 27, 2006, is withdrawn. A revised memorandum disposition is filed contemporaneously with the filing of this order. The petition for rehearing filed on April 13, 2006 is denied. Subsequent petitions for rehearing or rehearing en banc may be filed.

## MEMORANDUM ****

Petitioner Manuel Agustin Oliva–Osuna ("Osuna"), a Mexican native, seeks review of an October 31, 2003, decision of the Board of Immigration Appeals ("BIA") denying his request for cancellation of removal from the United States. In its decision, the BIA affirmed the determination of the Immigration Judge ("IJ") to deny relief of cancellation of removal because Osuna had been convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43)(G) for a previous violation of CALIFORNIA VEHICLE CODE § 10851(a).

██ Because this Court's recent decision in *Penuliar v. Mukasey,* 528 F.3d 603 (9th Cir.2008) (*"Penuliar II "*), holds that

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

(1) a California conviction for unlawful driving or taking of a vehicle does not categorically qualify as a "theft offense"; and (2) under the modified categorical approach, charging documents and an abstract of judgment were insufficient to establish that alien's conviction of unlawful driving or taking of vehicle was for a theft offense, Osuna's petition for review is granted. *Id.* at 611–13. As in *Penuliar II,* nothing shows that Osuna "took and exercised control over a stolen car." *Id.* at 612. Since Osuna's order of removal was based upon a conviction that was not an aggravated felony, this case is remanded to the BIA to consider the merits of Osuna's cancellation of removal claim. *See Ferreira v. Ashcroft,* 382 F.3d 1045, 1051 (9th Cir.2004) (remanding to BIA to determine eligibility for cancellation of removal under 8 U.S.C. § 1229b(a) because order of removal was not based upon conviction for an aggravated felony).

Osuna also argues that the IJ denied him representation by not allowing his attorney "time to review documents and prepare a defense by holding the 'on the spot' telephonic hearing." He waived this issue by failing to object or demonstrate prejudice. *See Taniguchi v. Schultz,* 303 F.3d 950, 955 (9th Cir.2002). Nevertheless, on remand, he should have sufficient time to prepare his defense.

A previous memorandum disposition was filed in this case on February 27, 2006. On the request of the government, the mandate in this case was stayed pending the outcome of *Penuliar v. Gonzales,* 435 F.3d 961 (9th Cir.2006) (*Penuliar I*), in which the government was granted a writ of certiorari. *See* — U.S. ——, 127 S.Ct. 1146, 166 L.Ed.2d 992 (2007). Notwithstanding our acceding to the government's request, the BIA, on June 6, 2006, issued a decision dismissing Osuna's appeal and ordering his removal. Stating that "[t]his case comes, on remand from the United States Court of Appeals for the Ninth Circuit," the BIA "affirm[ed] the Immigration Judge's conclusion that [Osuna] is removable" on the grounds that the Supreme Court's decision in *Gonzales v. Duenas–Alvarez,* 549 U.S. 183, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007), had "rejected the rationale of" *Penuliar I,* upon which our previous memorandum disposition had relied.

█  Because the mandate in this case had not issued, the BIA's statement that Osuna's case "comes to us on remand" is incorrect. Instead, the BIA in effect reconsidered, sua sponte, its own earlier decision while the case was still pending in this Court. As this Court recently affirmed, "once a petition for review has been filed, federal court jurisdiction is divested only where the BIA subsequently vacates or materially changes the decision under review," *Plasencia–Ayala v. Mukasey,* 516 F.3d 738, 745 (9th Cir.2008), and neither of these conditions is met where, as here, the BIA "expressly affirms [its] prior decision and its analysis does not significantly differ." *Id.*

The fact that, in the meantime, Osuna may have been removed does not affect our jurisdiction to review the BIA's original order of removal, as no other court has decided its validity, and Osuna has exhausted administrative remedies. *See* 8 U.S.C. § 1252(d). Because this Court retained jurisdiction to review the BIA's original order of removal, *see* § 1252(g), the BIA's June 6, 2007, dismissal of Osuna's appeal and order for his removal lacked legal authority.

Osuna's petition is GRANTED and this cause is REMANDED to determine whether Osuna is eligible for cancellation of removal.