NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Appellee,<br><br>　v.<br><br>CARLOS ELIAS CRUZ-BERMUDEZ, AKA Carlos Elias Bermuda Cruz, AKA Carlos Cruz Bermudez, AKA Carlos Elias Bermudez, AKA Carlos Elias Cruz Bermudez, AKA Carlos E. Cruz-Bermudez,<br><br>　　　　Defendant-Appellant. | No.　19-50314<br><br>D.C. No.<br>8:18-cr-00247-DOC-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted February 2, 2021[**]
Pasadena, California

Before: GOULD, LEE, and VANDYKE, Circuit Judges.

In 1998, Carlos Elias Cruz-Bermudez ("Cruz") entered the United States

without inspection.   He was placed in immigration proceedings and ordered

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deported. Cruz appealed, and while the appeal was pending, he was given Temporary Protected Status ("TPS"). From 2003 to 2005, Cruz was convicted of multiple felonies. Cruz's immigration proceedings were reinstated in 2007, and he was again ordered deported. Cruz also waived his right to file a second appeal.

Cruz re-entered the United States without inspection and in 2018 committed still another crime. He was then federally prosecuted, and he pleaded guilty to re-entering the United States in violation of 8 U.S.C. § 1326. Cruz filed a motion to dismiss the indictment, and the motion was denied by the district court. As part of his plea agreement, Cruz could appeal the district court's denial of his motion to dismiss the indictment based on what Cruz alleged to be due process defects in the prior removal proceeding. This appeal followed.

We review the denial of a § 1326(d) motion *de novo*, but the underlying findings of fact are reviewed for clear error. *United States v. Sandoval-Orellana*, 714 F.3d 1174, 1178 (9th Cir. 2013). The Court also reviews *de novo* the determination of whether a prior conviction is an aggravated felony. *United States v. Bonilla-Montenegro*, 331 F.3d 1047, 1049 (9th Cir. 2003).

To determine whether convictions are aggravated felonies at the time of the 2007 hearing, we employ the two-part test set forth in *Taylor v. United States*, 495 U.S. 575 (1990). In the first step, called the "categorical approach," an offense is an aggravated felony if, on the face of the statute of conviction, "the full range of

conduct covered . . . falls within the meaning of [an aggravated felony]." *Penuliar v. Gonzales*, 435 F.3d 961, 966 (9th Cir. 2006) (citation omitted), *cert. granted, judgment vacated*, 549 U.S. 1178 (2007). But if the statute of conviction reaches both conduct constituting an aggravated felony and conduct that would not do so, we employ the second step, called the "modified categorical approach." *Id.*

When charged with illegal reentry under 8 U.S.C. § 1326, a defendant has a limited right to bring a collateral attack challenging the validity of his underlying removal order. *See United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047–48 (9th Cir. 2004). To succeed under 8 U.S.C. § 1326(d), a defendant must demonstrate that: (1) he "exhausted any administrative remedies that may have been available to seek relief against the order"; (2) "the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review"; and (3) "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d).

To satisfy the third requirement, a defendant must establish both (1) a violation of his due process rights from defects in the underlying removal proceeding, and (2) prejudice flowing from those defects. *Ubaldo-Figueroa*, 364 F.3d at 1048. Further, the defendant has the burden to prove prejudice under § 1326(d)(3). *United States v. Gomez*, 757 F.3d 885, 898 (9th Cir. 2014). To meet his burden, an alien must demonstrate it was "'plausible' that he would have received some form of relief from removal had his rights not been violated in the removal

proceedings." *Id.* (citation omitted). A showing of plausibility requires a showing greater than "mere possibility or conceivability." *United States. v. Valdez-Novoa*, 780 F.3d 906, 915 (9th Cir. 2015) (citations omitted). To demonstrate prejudice, an alien must show that he is not barred from receiving relief. If he is barred from receiving relief, his claim is not plausible. *Gomez*, 757 F.3d at 898.

For the following reasons, we affirm Cruz's conviction. First, even if Cruz could satisfy the procedural requirements of § 1326(d)(1) and (2), his arguments are incorrect because his removal order was not fundamentally unfair. Cruz's only basis for relief from removal, which he sought in his removal proceeding and in the district court, was asylum. Both the IJ and district court properly held that Cruz was not entitled to asylum.

There are two reasons for this. First, Cruz did not demonstrate a credible fear of persecution or torture. *See Mejia v. Ashcroft*, 298 F.3d 873, 879 (9th Cir. 2002). He told the IJ that he did not fear persecution or torture if returned to El Salvador. Second, by 2007, Cruz had been convicted of two aggravated felonies. One would have been enough to disqualify him for asylum. The district court properly concluded that Cruz's car theft convictions under California Vehicle Code § 10851 were aggravated felonies. Because Cruz did not qualify for asylum, there was no due process violation, and thus no prejudice.

Second, Cruz has not shown any fundamental unfairness. Cruz's TPS was properly terminated due to his felony convictions. The IJ properly and fully complied with the BIA's remand. Finally, Cruz was ineligible for other forms of deportation relief. The IJ's actions did not constitute due process violations. Also, Cruz did not suffer prejudice. None of Cruz's arguments persuasively show that he would have been granted asylum or any of the other forms of relief.

Finally, Cruz cannot satisfy the requirements of § 1326(d)(1) or (2), because Cruz did not demonstrate that he exhausted his administrative remedies, and that his immigration proceeding denied him judicial review. Cruz waived his right to appeal the removal order at his 2007 immigration hearing. Further, this waiver was considered, intelligent, and made with actual knowledge of his right to appeal.

**AFFIRMED**.