Pablo **SALAZAR–CARMONA,**
Petitioner,

v.

Eric H. **HOLDER, Jr.,** Attorney
General, Respondent.

No. 08–70097.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 2009.

Filed May 6, 2009.

Carmen Abarca–Wilson, Esquire, John Martin Pope, Pope & Associates, PC, Phoenix, AZ, for Petitioner.

Katharine Clark, Esquire, Dalin Riley Holyoak, Esquire, OIL, Barry J. Pettinato, DOJ–U.S. Department of Justice, Washington, DC, CAS–District Counsel, Esquire, I & N S, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, SILVERMAN and CALLAHAN, Circuit Judges.

MEMORANDUM *

Pablo Salazar–Carmona ("Salazar") petitions for review of the Board of Immigration and Appeals' ("BIA") denial of his motions to reopen and reconsider 2002 removal proceedings.

"We have jurisdiction to review the BIA's denial of a motion to reopen under 8 U.S.C. § 1252(b)," and we review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004) (citations omitted); *see also Oh v. Gonzales*, 406 F.3d 611, 612 (9th Cir.2005). We review purely legal questions de novo. *Singh*, 367 F.3d at 1185. For the reasons that follow, we deny the petition.[1]

In 2002, Salazar was ordered removed based on his conviction for violating California Vehicle Code § 10851(a), which pursuant to then-controlling BIA precedent, was an aggravated felony "theft offense" pursuant to 8 U.S.C. § 1101(a)(43)(G). *Matter of V–Z–S–*, 22 I & N Dec. 1338, 1340 (BIA 2000). Salazar's lawyer filed an appeal from the removal order with the BIA on June 2, 2002, but according to Salazar, withdrew it without his consent or knowledge in November 2002. Salazar did not move to reopen proceedings until 2006.

Salazar concedes that his motions to reopen and reconsider the 2002 removal proceedings are untimely by several years, but argues that the deadlines should be equitably tolled based on his previous counsel's alleged ineffective assistance in withdrawing the appeal. The deadline for filing a motion to reopen or reconsider based on a claim of ineffective assistance of counsel may be equitably tolled if the petitioner shows diligence in discovering counsel's error and prejudice resulting therefrom. *See Singh*, 367 F.3d at 1185–87; *Ray v. Gonzales*, 439 F.3d 582, 589 n.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

5 (9th Cir.2006); *Singh v. Gonzales,* 491 F.3d 1090, 1095–96 (9th Cir.2007). Salazar fails to show either.

■ Although Salazar was aware that an appeal had been filed in June 2002, he did nothing to pursue it until January 2005. The record shows that his lawyer was briefly suspended and relocated his office during this period, but Salazar fails to explain how those facts prevented him from contacting either the lawyer or the BIA during this period. Further, he fails to explain why, through more diligent efforts, he could not have discovered his lawyer's actions sooner. Accordingly, we conclude that Salazar failed to establish the necessary diligence to justify tolling of the deadlines on his motions to reopen and reconsider. *See Singh,* 491 F.3d at 1095–96.

■ Even assuming that Salazar acted diligently, we further conclude that he has failed to establish the prejudice necessary to sustain a claim of ineffective assistance of counsel. *Mohammed v. Gonzales,* 400 F.3d 785, 793–94 (9th Cir.2005) (explaining that petitioner must demonstrate prejudice by showing that counsel's performance "was so inadequate that it may have affected the outcome of the proceedings"). At the time his counsel withdrew the notice of appeal, and for over four years thereafter, Salazar was not eligible for any relief. The BIA had held that a conviction under California Vehicle Code § 10851(a) was a removable "theft offense," *Matter of V–Z–S–,* 22 I & N Dec. at 1340, and Salazar admits that he was ineligible for other forms of relief.[2] The fact that the law changed over four years after Salazar was ordered removed does not suffice to establish prejudice from the withdrawal of what

---

2. We overruled *Matter of V–Z–S–,* in 2007 and 2008. *See United States v. Vidal,* 504 F.3d 1072 (9th Cir.2007); *Penuliar v. Mukasey,* 528 F.3d 603, 611–12 (9th Cir.2008).

was, at the time, a meritless appeal. Further, Salazar's conjectures on what might have happened had his attorney not withdrawn the appeal are too speculative to establish prejudice.

Based on the foregoing, Salazar's petition for review is **DENIED.**