Daniel Rosal ULANDAY, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 04–73479.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 2009.

Filed May 12, 2009.

Daniel Rosal Ulanday, Phoenix, AZ, pro se.

Jessica Post, Phoenix, AZ, for Petitioner.

District Counsel Phoenix, Esquire, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Parker Levings, Senior Litigation Counsel, Vanessa Lefort, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FERNANDEZ, SILVERMAN and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Daniel Ulanday seeks review of his removal order, which is based on the determination that his 2003 theft conviction under California Vehicle Code § 10851(a) is an aggravated felony. We grant the petition and remand the case to the Board of Immigration Appeals ("BIA") to consider further evidence concerning Ulanday's conviction.[1]

We review de novo the BIA's determination of questions of law, including whether a particular offense qualifies as an aggravated felony for which an alien is subject to removal. *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002); *Ye v. INS,* 214 F.3d 1128, 1131 (9th Cir.2000).

We held in *United States v. Vidal,* 504 F.3d 1072, 1082 (9th Cir.2007) (en banc), that California Vehicle Code § 10851(a) encompasses more conduct than is covered by the generic definition of theft. Thus, we held that to determine whether a conviction under this section qualifies as an aggravated felony theft offense, we must look to the underlying conviction documents pursuant to the modified categorical approach. *See id.* at 1086.

In *Penuliar v. Mukasey,* 528 F.3d 603, 612 (9th Cir.2008), the underlying complaint charged the petitioner with unlawful driving or taking of a vehicle under § 10851(a) in language almost identical to the language in the complaint against Ulanday. In addition, in *Penuliar,* as in this case, the government proffered an abstract of judgment stating that the petitioner had pled guilty to § 10851(a) as evidence that the petitioner had been convicted of a theft offense, an aggravated felony. *Id.* at 613. We held in *Penuliar* that this was not sufficient to confine the petitioner's plea to only the generic definition of theft. *Id.* at 613 ("[a]n indictment

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

that merely recites the language of the statute ... is insufficient to establish the offense as generic for purposes of a modified categorical analysis;" furthermore, "[w]ithout a plea transcript or other evidence demonstrating the theory under which Penuliar pled guilty, we cannot find that Penuliar pled guilty to § 10851(a) as a principal."). Specifically, the proffered documents were insufficient to establish that Penuliar had not pled guilty to being an accessory after the fact, which is not encompassed in the generic definition of theft. *See id.* at 611–13.

We are unable to distinguish this case from *Penuliar.* As noted, the underlying complaints are virtually identical and the abstract of judgment simply indicates that Ulanday pled to the crime of "TAKE VEH WO OWNER'S CONSENT." This is not sufficient in light of our statement in *Penuliar* that an abstract of judgment "which simply recite[s] that [the petitioner] pled guilty to § 10851(a), cannot establish what facts [he] admitted in his guilty plea."[2] *Id.* In light of our decisions in *Vidal* and *Penuliar,* we are compelled to conclude that the government has failed to show that Ulanday committed an aggravated felony theft offense under the modified categorical approach.

However, the government cannot be faulted for not anticipating our conclusion. When Ulanday appeared before the Immigration Judge on December 23, 2003, we had yet to decide *Vidal* or *Penuliar.* At that time, the government reasonably relied on the BIA's opinion in *Matter of V–Z–S,* 22 I & N Dec. 1338, 1348 (BIA 2000), which held that a conviction under California Vehicle Code § 10851(a) was an aggravated felony under the categorical approach.

In *Fernandez–Ruiz v. Gonzales,* 466 F.3d 1121, 1134–35 (9th Cir.2006) (en banc), we recognized that in some instances "the government could not have anticipated the need to build a record supporting removal under the modified categorical approach" and that in such circumstances our intervening decisions "could at least conceivably constitute an unusual, unforeseeable circumstance justifying remand."[3] We conclude that this case presents a situation in which a remand to the BIA to consider further evidence of Ulanday's conviction is appropriate. Our decision is reinforced by the fact that at oral argument counsel for both sides declined to comment on what evidence the government might present on remand or on the sufficiency of such evidence.

For the foregoing reasons, the petition for review is **GRANTED,** the BIA's order of removal is **VACATED,** and the case is **REMANDED** to the BIA for further proceedings, including the consideration of further evidence of Ulanday's conviction.

2. We further note that according to the transcript of Ulanday's plea colloquy that the government submitted to this court in support of an earlier motion for summary disposition, Ulanday actually pled "no contest."

3. *See also* Judge Kozinski's concurring and dissenting opinion.

> The government presented its case both to the IJ and the BIA when our caselaw was controlled by *United States v. Ceron-Sanchez,* 222 F.3d 1169 (9th Cir.2000), and before the Supreme Court decided *Leocal v. Ashcroft,* 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004). Under that regime, the government had no reason to present evidence that would sustain its burden under a modified categorical approach. Now that the law has changed, the government is entitled to make its case under the new standard.
>
> *Fernandez–Ruiz,* 466 F.3d at 1135–36.