**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MORENO-ALVAREZ, | No. 07-73642 |
| Petitioner, | |
| v. | Agency No. A043-954-304 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued April 15, 2009
Submitted April 30, 2010[**]
Pasadena, California

Before: FERNANDEZ, SILVERMAN and CALLAHAN, Circuit Judges.

Jose Moreno-Alvarez ("Petitioner") petitions for review of an order of the

Board of Immigration Appeals ("BIA") affirming the immigration judge's order,

which found Petitioner removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

foreclosed possible relief in the form of cancellation of removal based on his prior commission of an aggravated felony. We grant the petition.[1]

We employ the categorical and modified categorical approaches to determine whether Petitioner's conviction for theft under California Vehicle Code § 10851(a) constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). *See Taylor v. United States*, 495 U.S. 575, 602 (9th Cir. 1990); *see also United States v. Snellenberger*, 545 F.3d 699, 701 (9th Cir. 2008) (en banc) (per curiam). As defined in 8 U.S.C. § 1101(a)(43)(G), the term "aggravated felony" means "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment at least one year." In turn, a "theft offense" is "'a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent.'" *Penuliar v. Mukasey*, 528 F.3d 603, 611 (9th Cir. 2008) ("*Penuliar II*") (quoting *United States v. Vidal*, 504 F.3d 1072, 1077 (9th Cir. 2007) (en banc)). Under § 10851(a), a person is guilty of unlawful driving or taking of a vehicle if he or she:

> drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily

---

[1] Because the parties are familiar with the facts of this case, we repeat them here only as necessary to the disposition of this case.

2

deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing . . . .

We have previously held that "a conviction under § 10851(a) does not qualify as a 'theft offense' under the categorical approach" because § 10851(a) "extends liability to accessories after the fact for post-offense conduct." *Penuliar II*, 528 F.3d at 611-12 (citing *Vidal*, 504 F.3d at 1077). Here, the government appropriately concedes that § 10851(a) is categorically overbroad and argues only that we may deny relief based on application of the modified categorical approach.

The government argues that we may consider the felony complaint and the abstract of judgment together and conclude that Moreno "was convicted of violating section 10851(a) in a manner that constitutes a generic theft offense, even after *Vidal*, as a principal rather than an accessory after the fact." Even were we to agree with the government and our dissenting colleague that we may consider an abstract of judgment when conducting a modified categorical approach analysis, because an abstract judgment is akin to a minute order, *see Snellenberger*, 548 F.3d at 701-02, the record here fails to establish that Petitioner's conviction under § 10851(a) was as a <u>principal</u>, rather than as an accessory after the fact.

3

As in *Penuliar II*, the felony complaint contains the generic statutory language from §10851(a). Moreover, the abstract of judgment does not establish that Petitioner was convicted as a principal under § 10851(a). The abstract of judgment does not incorporate the felony complaint by reference, which we stated in *Vidal* is required when those two documents constitute the entire record of conviction: "In order to identify a conviction as the generic offense through the modified categorical approach, when the record of conviction comprises only the indictment and the judgment, the judgment must contain 'the critical phrase 'as charged in the Information.'" 504 F.3d at 1087. Here, the abstract of judgment—which reads "TAKE VEHICLE W/O OWNER'S CONSENT"—does not clearly indicate that Petitioner specifically admitted to acting as a principal in his guilty plea.

The record here is virtually identical to the record in *Penuliar II*, and thus we cannot find that it unequivocally establishes that Petitioner was convicted of a theft offense under 8 U.S.C. § 1101(a)(43)(G).

Accordingly, the petition for review is hereby **GRANTED**.

Moreno-Alvarez v. Holder, 07-73642

SILVERMAN, Circuit Judge, dissenting:

When the criminal complaint and abstract of judgment in this case are considered together, it is apparent that petitioner, pursuant to a guilty plea, was convicted in California state court of taking a vehicle without the owner's consent and sentenced to two years imprisonment. He was thus convicted of a "theft offense" for which the term of imprisonment was at least one year, making him an "aggravated felon" as defined by 8 U.S.C. § 1101(43)(G).

To whatever extent *Penuliar v. Muksaey*, 528 F.3d 603 (9th Cir. 2008), decided on June 10, 2008, held that the abstract of judgment in that case was insufficient to establish what offense Penuliar pled guilty to, that case was superseded four months later by the en banc opinion in *United States v. Snellenberger*, 548 F.3d 699 (9th Cir. 2008), decided on October 28, 2008. *Snellenberger* holds that when it comes to discerning what a defendant had been convicted of, a clerk's minute entry is just as reliable as the other court documents favorably mentioned, by way of illustration, in *Shepard v. United States*, 544 U.S. 13 (2005). In my opinion, an abstract of judgment prepared by court personnel in the ordinary course of judicial business, bearing the court seal, the clerk's filing

stamp and the deputy clerk's signature, on an official court form, is equally reliable. In the absence of any evidence to doubt the document's authenticity or accuracy, it seems to me that the abstract of judgment in this case may be relied upon to establish that petitioner did, indeed, commit the crime of "take vehicle w/o owner's consent" and was sentenced to two years in state prison. The abstract specifically references the Complaint by case number and states that the defendant was convicted on January 24, 2006 of count 1 thereof, in which he was charged with *driving or taking* a 1990 Toyota pick-up without the consent of the owner, J. Gutierrez. There is no reason in the record to believe that petitioner was convicted of anything other than "taking" or "driving" the vehicle. Either way, he would be a principal in the offense.

I would deny the petition.