FILED

OCT 07 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FORTINO AVILA-CANCHOLA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-71353<br><br>Agency No. A030-507-770<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 5, 2010
San Francisco, California

Before: RYMER and N.R. SMITH, Circuit Judges, and LEIGHTON, District
Judge.[**]

Fortino Avila-Conchola (Avila), a native and citizen of Mexico, petitions for

review of a final order of the Board of Immigration Appeals (BIA), which affirmed

the decision of an immigration judge (IJ) finding Avila removable and ineligible

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Ronald B. Leighton, United States District Judge for
the Western District of Washington, sitting by designation.

for relief from removal based on his prior commission of an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and deny the petition for review.

Assuming that Avila exhausted his claim that the BIA erred in initially remanding his case to the IJ, the argument fails because *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007), was an intervening change in the law that undermined the basis of the IJ's decision which was based on *Penuliar v. Ashcroft*, 395 F.3d 1037 (9th Cir. 2005). In the circumstances, remand for further factfinding was not inappropriate. *See Rafaelano v. Wilson*, 471 F.3d 1091, 1098 n.6 (9th Cir. 2006).

Avila's further argument that the IJ erred in admitting the plea colloquy on remand is, however, unexhausted. Counsel neither objected before the IJ, nor did Avila's briefing to the BIA raise the issue. Accordingly, we lack jurisdiction to consider this claim. *See* 8 U.S.C. § 1252(d)(1); *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994).

Employing the modified categorical approach, *see Penuliar v. Mukasey*, 528 F.3d 603, 611-612 (9th Cir. 2008), we conclude that Avila's conviction for theft under Cal. Veh. Code § 10851(a) constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). The judicially noticeable evidence admitted by the IJ, including

2

the criminal complaint and plea colloquy transcript, "clearly and unequivocally" establishes that Avila's conviction "was based on all of the elements of a qualifying predicate offense." *United States v. Navidad-Marcos*, 367 F.3d 903, 908 (9th Cir. 2004). Avila was charged as a principal and pleaded guilty as charged, admitting that he was the principal actor in the theft of a vehicle in violation of Cal. Veh. Code § 10851(a). *Cf. Penuliar*, 528 F.3d at 613.

PETITION DENIED.