**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO CARLOS GARCIA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-74569<br><br>Agency No. A092-104-762<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 5, 2010
San Francisco, California

Before: RYMER and N.R. SMITH, Circuit Judges, and LEIGHTON [**], District

Judge

 Roberto Carlos Garcia, a native and citizen of El Salvador, appeals the Board

of Immigration Appeals' (BIA) order upholding the immigration judge's (IJ)

decision denying his application for withholding of removal and protection under

---

 [*] This disposition is not appropriate for publication and may not be
cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

 [**] The Honorable Ronald B. Leighton, United States District Judge for
the Western District of Washington, sitting by designation.

the Convention Against Torture, and ordering him removed to El Salvador. We have jurisdiction under 8 U.S.C. § 1252, and grant the petition for review and vacate the removal order, with instructions to the Department of Homeland Security to terminate the removal proceedings.

Garcia argues that the BIA erroneously ruled that his California Vehicle Code § 10851(a) conviction constituted an aggravated felony. We agree. The government concedes that the BIA erred. Even if the government had not conceded, the BIA clearly erred because Garcia's conviction does not qualify as an aggravated felony under the modified categorical approach. The record of conviction does not provide enough facts to determine whether Garcia pled guilty as a principal or as an accessory after the fact to the theft crime.[1] The felony complaint merely recites the language of the statute, which is insufficient to show that the conviction was of the generically defined crime. *Penuliar v. Mukasey*, 528 F.3d 603, 613 (9th Cir. 2008). The plea colloquy does not contain enough facts to show that the conviction was of the generically defined crime either because it merely shows that Garcia pled guilty to an undefined "Count 1." Thus, the BIA

---

[1] A conviction of accessory after the fact under Section 10851(a) does not qualify as an aggravated felony. *United States v. Vidal*, 504 F.3d 1072, 1080 (9th Cir. 2007) (en banc).

could not have known whether Garcia was convicted as a principal in the theft crime.

The government argues that the Court should remand the case back to the BIA. We disagree. Remand is not appropriate for three reasons: (1) the issue of whether a crime constitutes an aggravated felony is purely legal for which we owe the BIA no deference, *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1126 n.7 (9th Cir. 2006) (en banc); (2) there has been no change in case law because *Penuliar* was decided before the BIA made its ruling; and (3) the government had ample opportunity to submit whatever documents it could for the record and the government concedes that additional evidence does not exist to enhance Garcia's complete record of conviction upon which the BIA based its decision

**PETITION GRANTED; ORDER OF REMOVAL VACATED WITH INSTRUCTIONS TO THE DEPARTMENT OF HOMELAND SECURITY TO TERMINATE REMOVAL PROCEEDINGS.**