**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

APR 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERTO MELENDEZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

Nos. 04-74261
04-75089

Agency No. A092-086-750

MEMORANDUM[*]

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

In these consolidated petitions for review, Roberto Melendez, a native and

citizen of El Salvador, petitions for review of the Board of Immigration Appeals'

("BIA") orders dismissing his appeal from an immigration judge's removal order

and denying his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

We review de novo questions of law, and review for abuse of discretion the denial of a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and grant in part the petition for review in No. 04-74261 and remand for further proceedings, and we deny the petition for review in No. 04-75089.

The BIA correctly concluded that the government was not precluded by res judicata from initiating removal proceedings against Melendez. *See Paulo v. Holder*, 669 F.3d 911, 917 (9th Cir. 2011) (the party seeking to apply res judicata must show that "the first proceeding ended with a final judgment on the merits" regarding the issue in question) (citation omitted). However, Melendez's conviction under California Penal Code § 10851(a) is not categorically an aggravated felony theft offense, *see United States v. Vidal*, 504 F.3d 1072, 1086 (9th Cir. 2007) (en banc), and contrary to the government's argument, the record of conviction does not establish that he was convicted of the generically defined crime, *see Penuliar v. Mukasey*, 528 F.3d 603, 613 (9th Cir. 2008). We therefore grant the petition for review in part and remand for further proceedings in light of *Vidal* and *Penuliar*.

The BIA did not abuse its discretion in denying Melendez's motion to reconsider where he failed to identify any error of fact or law in the BIA's prior determination that res judicata did not apply. *See* 8 C.F.R. § 1003.2(b)(1). The

BIA also did not abuse its discretion by construing Melendez's motion as a motion to reopen to the extent it was based on new evidence, or by denying the motion where the evidence Melendez submitted was previously available and could have been presented to the immigration judge. *See* 8 C.F.R. § 1003.2(c)(1).

Melendez's motion for appointment of pro bono counsel is denied.

**In No. 04-74261: PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.** Each party shall bear its own costs for this petition for review.

**In No. 04-75089: PETITION FOR REVIEW DENIED.**