FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10239 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-03542-DCB-BPV-1 |
| v. | |
| JOSE COBO-RAYMUNDO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted July 19, 2012[**]
San Francisco, California

Before: PAEZ and BYBEE, Circuit Judges, and VANCE,[***] Chief District Judge.

Jose Cobo-Raymundo appeals his sentence of 51 months' imprisonment

following his conviction under 8 U.S.C. § 1326(a) and (b)(2). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sarah S. Vance, Chief District Judge of the Eastern District of Louisiana, sitting by designation.

Cobo-Raymundo challenges the district court's conclusion that his prior conviction for unlawful wounding under Virginia Code § 18.2-51 qualified as a "crime of violence" under the definition at U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii). He also challenges the district court's decision not to reduce *sua sponte* his total offense level when calculating his sentencing Guidelines range. Because Cobo-Raymundo did not raise these issues before the district court, we review for plain error. *United States v. Ayala-Nicanor*, 659 F.3d 744, 746-47 (9th Cir. 2011); *United States v. Ross*, 511 F.3d 1233, 1235 (9th Cir. 2008). We may reverse for plain error when the appellant shows that "(1) there was error; (2) the error committed was plain; (3) the error affected substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011).

We note first that the district court simply accepted the conclusion of the unchallenged pre-sentence report that Cobo-Raymundo's prior conviction was a crime of violence, and did not conduct its own analysis. Although Cobo-Raymundo does not challenge this aspect of the proceeding below, this was plainly erroneous. *See United States v. Castillo-Marin*, 684 F.3d 914, 921 (9th Cir. 2012). However, the error did not affect his substantial rights because no prejudice

ensued.  *See id.* at 918-19.  As we explain below, "unlawful wounding" under Virginia Code § 18.2-51 is categorically a crime of violence and therefore the district court properly applied the "crime of violence" sentencing enhancement in determining Cobo-Raymundo's advisory sentencing Guidelines range.

Unlawful wounding is not one of the listed offenses that categorically qualify as a "crime of violence" under comment n.1(B)(iii) to U.S. Sentencing Guidelines Manual § 2L1.2.  However, because the Virginia statute's elements are necessarily encompassed by the "crime of violence" definition in U.S. Sentencing Guidelines Manual § 2L1.2, unlawful wounding as defined by Virginia Code § 18.2-51 is categorically a crime of violence.  *See Penuliar v. Mukasey*, 528 F.3d 603, 608 (9th Cir. 2008).  To be convicted under § 18.2-51, a person necessarily must have shot, stabbed, cut, wounded, or otherwise caused bodily injury to another person, which means that the offense "has as an element the use . . . of physical force against the person of another."  U.S.S.G. § 2L1.2, cmt. n.1(B)(iii).  Moreover, § 18.2-51 clearly requires the intentional use of physical force, because it contains as an element "the intent to maim, disfigure, disable, or kill."  *See Ayala-Nicanor*, 659 F.3d at 749; *Hampton v. Commonwealth*, 542 S.E.2d 41, 45-46 (Va. Ct. App. 2001).  Finally, a violation of § 18.2-51 results in physical injury to another, because the *actus reus* element of the statute is satisfied by shooting,

stabbing, cutting, wounding, or causing bodily injury to another person.  *See Ayala-Nicanor*, 659 F.3d at 749.  Cobo-Raymundo points to no case in which the Virginia state courts did in fact apply § 18.2-51 to conduct outside the federal definition.  *See id.* at 748.

In addition, the district court did not plainly err when it declined to reduce *sua sponte* Cobo-Raymundo's offense level by one level for his assisting the government by timely notifying it of his intention to plead guilty.  *United States v. Johnson*, 581 F.3d 994, 1003-04 (9th Cir. 2009).

**AFFIRMED.**