MEMORANDUM **
Petitioner Jose Juan Medina-Nunez petitions for review of the Board of Immigration Appeals’ (“BIA”) determination that he is removable under 8 U.S.C. § 1227(a)(2)(A)(i) because he committed a crime involving moral turpitude. For the reasons below, we deny the petition.[1]
The BIA properly held that Petitioner’s felony conviction under California Vehicle Code section 2800.2(a) for “eludfing] a pursuing peace officer ... [while driving a vehicle] in a willful or wanton disregard for the safety of persons or property” categorically constituted a crime involving moral turpitude. In In re Ruiz-Lopez, 25 I. & N. Dec. 551 (B.I.A.2011), petition for re-. view denied,, 682 F.3d 513 (6th Cir.2012), the BIA held that the Washington crime, eluding a pursuing police vehicle, Wash. Rev.Code § 46.61.024, is categorically a crime involving moral turpitude. “[W]hen a person deliberately flouts lawful authority and recklessly endangers the officer, other drivers, passengers, pedestrians, or property, he or she is engaged in seriously wrongful behavior that violates the accepted rules of morality and the duties owed to society.” In re Ruiz-Lopez, 25 I. & N. Dec. at 556 (internal quotation marks omitted). We owe deference to In re Ruiz-Lopez under Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).
The BIA reasonably relied on In re Ruiz-Lopez because there is no material difference between the Washington and California statutes. Section 2800.2(a) defines the elements of the crime. To violate the California statute, the defendant must “deliberately flout[] lawful authority” by fleeing or attempting to elude a pursuing officer, In re Ruiz-Lopez, 25 I. & N. Dec. at 556, just as the Washington statute requires; and the defendant must also “recklessly endanger! ] the officer, other drivers, passengers, pedestrians, or property,” id., again as is true in Washington. See Penuliar v. Mukasey, 528 F.3d 603, 609-10 (9th Cir.2008) (holding that, under California law, section 2800.2 requires a “reckless” mens rea), ovemled in part on other grounds by Sykes v. United States, — U.S.-, 131 S.Ct. 2267, 180 L.Ed.2d 60 (2011); see also People v. Pinkston, 112 Cal.App.4th 387, 5 Cal.Rptr.3d 274, 278, 280 (2003) (rejecting the argument that section 2800.2(b) allows “the jury to find the element of willful or wanton disregard without conducting an independent evaluation of the evidence to determine the existence of that element,” reasoning that the section “merely defines, in precise terms, one way in which the People may prove the element of willful or wanton disregard for the safety of persons or property”). The potential for harm to persons or property is not reduced below the level of moral turpitude simply because, under section 2800.2(b), willful or wanton disregard *703 for the safety of persons or property may be proved by showing that the defendant committed three or more traffic violations while fleeing or attempting to elude the pursuing peace officer.
Petition DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Petitioner also seeks review of the BIA’s denial of his application for cancellation of removal. In an opinion filed concurrently with this disposition, we conclude that the BIA correctly denied his application for cancellation of removal.